**Sandra K. Watts,**
**Navajo Legal Aid and Defender Office,**
**and the Navajo Nation, Petitioners,**
**v.**
**Honorable Allen Sloan,**
**Window Rock District Court Judge,**
**and**
**Linda Cleveland, Real Party in Interest,**
**Respondents.**
**Decided December 20, 1995**

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and CADMAN, Associate Justices.

Patrice M. Horstman, Esq., Flagstaff, Arizona, for the Petitioners; and Daniel M. Rosenfelt, Esq., Albuquerque, New Mexico, for the Respondents.

Opinion delivered by AUSTIN, Associate Justice.

The following questions are before the Court: 1) whether the District Court lacks jurisdiction over this legal malpractice claim against Navajo Nation attorneys; and 2) what is the applicable statute of limitations for a legal malpractice action. We hold as follows: 1) the District court lacks jurisdiction; and 2) the statute of limitations for legal malpractice actions is two years.

I

The Plaintiff, Linda Cleveland ("Cleveland"), filed this legal malpractice action against the Defendants, Sandra K. Watts and the Navajo Legal Aid and Defender Office ("Watts"), in the Window Rock District Court. The Legal Aid Office is an agency of the Navajo Nation and Sandra K. Watts was the director at the time. Watts responded with a motion for summary judgment arguing that the District Court lacked jurisdiction because Cleveland failed to comply with the Navajo Nation Sovereign Immunity Act ("Act"), specifically the legal malpractice subsection at 1 N.T.C. § 354(h) (Supp. 1984-85).

The District Court denied the motion. Watts then filed a petition for writ of prohibition in this Court against Judge Allen Sloan and Cleveland, the Real Party in Interest. We granted an alternative writ of prohibition on October 20, 1995. On

December 11, 1995, we heard argument on whether the alternative writ should be made permanent.

## II

The Act expressly requires an individual to obtain authorization from the Advisory Committee of the Navajo Nation Council before instituting a legal malpractice claim against the Navajo Nation. *Id.* The legal malpractice subsection provides as follows:

> Contracted or otherwise retained counsel and other attorneys employed by the Navajo Nation may be sued for malpractice when authorized by the Advisory Committee of the Navajo Tribal Council.

*Id.* The successor to the Advisory Committee is the Government Services Committee. 2 N.T.C. § 341(a) (1989). Failure to obtain authorization from the Government Services Committee is fatal to a plaintiff's lawsuit and requires an immediate dismissal for lack of jurisdiction. *Navajo Housing Authority v. Dana,* 5 Nav. R. 157, 160 (1987) (holding that the defense of Navajo Nation immunity from suit is jurisdictional).

Cleveland argues that the Navajo Nation Council did not reenact the legal malpractice subsection in its 1988 amendments to the Act. These amendments are in Navajo Nation Council Resolution No. CMY-28-88 (May 6, 1988). Cleveland claims that the 1984-1985 Supplement to the Navajo Nation Code lists the legal malpractice subsection at Section 354(h) and the 1988 Resolution does not state that paragraph (h) was reenacted. Scrutiny of all the Council resolutions on the Sovereign Immunity Act, however, reveals that the Council reenacted the legal malpractice subsection.

Cleveland is correct that Council Resolution CMY-28-88 provides that "[p]aragraphs (f) and (g) [of section 354] are reenacted," without mentioning paragraph (h) — the site of the legal malpractice language in the 1984-1985 Supplement. However, paragraph (h) in the Supplement is paragraph (g) in the 1985 and 1988 resolutions. See Navajo Nation Council Resolutions Nos. CJY-55-85 (July 25, 1985) and CMY-28-88 (May 6, 1988). In 1988, when the Council said it was reenacting Section 354(g), it was referring to Section 354(g) of the 1985 resolution. It was not referring to Section 354(g) in the 1984-1985 Supplement. Section 354(g) in the Supplement does not contain the legal malpractice language. Section 354(g) in the 1985 resolution does.

The Council reenacted the legal malpractice language in 1988 and it is still Navajo Nation law. However, there may be a problem with a political body addressing the legal question of whether a cause of action should lie, but that is not an issue in this case. Cleveland's argument has no merit and her failure to obtain authorization from the Government Services Committee is fatal to her claim.

Cleveland also argues that the Navajo Nation waived its immunity from suit pursuant to 1 N.T.C. § 354(f) (Supp. 1984-85). This section provides that the

Navajo Nation is not immune from suit if the claim is within the express coverage, and not excluded by, the Nation's commercial liability insurance policy. The threshold requirement for a legal malpractice suit against the Navajo Nation is at 1 N.T.C. § 354(h) (Supp. 1984-85) and not Section 354(f). Accordingly, in a legal malpractice action, whether there is insurance coverage is not a justifiable issue until after the plaintiff has satisfied the legal malpractice subsection at Section 354(h).

We hold that the Window Rock District Court lacks jurisdiction over Cleveland's legal malpractice claim against the Navajo Nation.

## III

The Navajo Nation Code does not expressly provide a statute of limitations for legal malpractice claims. 7 N.T.C. § 602(a)-(h) (Supp. 1984-85). Cleveland claims that legal malpractice is a civil action "for which no limitation is otherwise prescribed" and is therefore subject to a five-year statute of limitations. 7 N.T.C. § 602 (d).

We find, however, that legal malpractice constitutes a tort whereby a client suffers an injury as a result of the attorney's negligent behavior. Contrary to Cleveland's assertion, personal injury does not necessarily involve physical contact, but embraces all actionable injuries to a person. Thus, the only cause of action for legal malpractice in the Navajo Nation lies in tort.

Under Navajo law, tort claims are subject to a two-year statute of limitations. 7 N.T.C. § 602(a). Cleveland must agree her claim sounds in tort because she relied on the doctrine of negligence to support her legal malpractice claim. She alleged in her complaint that she suffered damages "[a]s a direct and proximate result of Defendants' negligence in its representation of [her]...." Cleveland's Complaint at Allegation No. 16.

A two year statute of limitations for legal malpractice claims is also reasonable given the unique circumstances of the Navajo Nation. In a rural area where many people live in remote locations and do not own modern telecommunications devices or other conveniences of modern society, the passage of time makes it more difficult to contact witnesses and obtain evidence.

The Navajo Nation Council recognized these difficulties when it reduced the statute of limitations for tort actions from six years to two years. The Council believed that the previous period of six years "created an unfair and unreasonable burden to adequately defend such actions, due to the inability to locate essential witnesses and material evidence pertaining to such claims after the passage of such a long period of time." Navajo Nation Council Res. No. CF-1-82, subpara. 4 (February 2, 1982). Respondent's requested period of five years creates similar problems. Therefore, we hold that the statute of limitations for all legal malpractice actions is two years.

The period of limitation begins to run once the cause of action accrues. 7

N.T.C. § 602 (a); *Young v. Begay*, 3 Nav. R. 134 (1982). Watts argues that the point of accrual is the time that the plaintiff knew the claim arose, which is called the "date of discovery." Cleveland argues that the "continuing legal representation rule" applies whereby the statute of limitations begins to run at the end of the attorney-client relationship.

We do not expect a client to take legal action against his or her attorney while legal representation continues. That would destroy the trust essential to the attorney-client relationship. However, the possibility is there that a client may not become aware of a cause of action until after the termination of the attorney-client relationship. Therefore, we hold that the cause of action accrues in a legal malpractice claim when the client becomes aware of the claim. However, if the client becomes aware of a claim before the end of the attorney-client relationship, then the cause of action accrues upon termination of the relationship.

## IV

For the foregoing reasons, this Court grants the writ of prohibition. The Window Rock District Court shall dismiss Cleveland's complaint for lack of jurisdiction.